**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America ex rel. <br> CLARK TRULY, | ) <br> ) <br> ) | |
| Petitioner, | ) <br> ) | CASE NO. 06 C 2348 |
| v. | ) <br> ) | Judge Robert M. Dow, Jr. |
| BRADLEY J. ROBERT, Warden <br> Centralia Correctional Center, | ) <br> ) <br> ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Clark Truly ("Truly" or "Petitioner"), an Illinois state prisoner, seeks a writ of habeas corpus [9] pursuant to 28 U.S.C. § 2254 claiming that the State knowingly used false evidence to obtain a tainted conviction for aggravated battery with a firearm, that trial counsel was ineffective because he failed to object to the introduction of the false conviction presented to the jury, and that the state court decision is unreasonably contrary to United States Supreme Court precedent as established in *Napue v. Illinois*. For the following reasons, the petition for the writ of habeas corpus is denied.

Also before the Court are three motions filed by Petitioner: (i) motion for summary judgment [39]; motion for writ of habeas corpus testificandum [44]; and (iii) motion for judgment on the pleadings or evidentiary hearing [45]. For reasons stated below, these three additional motions are denied.

**I. Background**

A federal district court's review of a habeas petition presumes all factual findings of the state court to be correct, absent clear and convincing evidence to the contrary. See *Daniels v.*

1

*Knight*, 476 F.3d 426, 434 (7th Cir. 2007). Because Petitioner has failed to provide such evidence, the Court adopts the following account, except as otherwise noted, from the Illinois Appellate Court's Rule 23 Order or direct appeal.

### A. Factual History

Following a 2001 jury trial, Truly was convicted of aggravated battery with a firearm and sentenced to 18 years incarceration in connection with the July 1999 shooting of Charles Pinkston ("Pinkston"). Rule 23 order, Ex. A to Ans., at 1. Pinkston testified that on July 1, 1999, he was talking with his friends Shannon Fouch, Jerome Fouch and Karen Haynes ("Haynes") in front of the Fouch residence, when he saw Truly drive past them in a red car. *Id.* Pinkston knew Truly and they had had a few altercations. *Id.* The vehicle made a U-turn and pulled up about four feet in front of Pinkston. *Id.* at 2. Pinkston and Haynes testified that Truly asked Pinkston if he had a problem with him, to which Pinkston replied "no". *Id.* Truly then pulled out a gun and fired at Pinkston. *Id.* The initial shot missed Pinkston who began running, but was shot in the leg when Truly fired at him again. *Id.* Pinkston managed to crawl over the side gate of the Fouch residence, but could go no further because his leg was broken. *Id.* While Pinkston was lying on the ground behind the gate, Truly stood in front of the gate pointing a gun at him. *Id.* Shannon told Truly "don't shoot" and Pinkston testified that Truly then retreated to his car and left. *Id.* There is some discrepancy in the testimony as to whether Truly departed on foot or in the vehicle. Haynes did not see him leave and Shannon Fouch did not see whether Truly entered the car before it drove off. *Id.* at 3-4. At trial, Truly maintained that he was driving the car with his cousin in the passenger seat. *Id.* at 4. Truly testified that when he got out of the car and had words with Pinkston, he heard gunshots coming from behind him. *Id.* at 5.

2

He then ran and saw Pinkston lying on the ground and, after seeing that the car was gone, walked away. *Id.*

Police observed a fired bullet shell case and a live bullet at the scene, both of which came from a .40 caliber firearm. Rule 23 order, Ex. A to Ans., at 4. During a search of Truly's home and garage, police identified a red car with a spent shell casing on the car's floorboard. *Id.* The shell casing came from a .40 caliber firearm. *Id.* The parties stipulated that the two fired shell cases were compared by an expert in the field of firearms ammunition, and the expert determined to "a reasonable degree of scientific certainty that the two shell casings were fired in the same firearm." *Id.* Truly was arrested on April 9, 2001 and charged with attempted first-degree murder and aggravated battery with a firearm. *Id.* at 5.

**B.    Procedural History**

At trial, the State introduced into evidence, without objection, copies of certified convictions previously shown to defense counsel including evidence that, on March 23, 2000, Truly was convicted of possession of a stolen motor vehicle and "aggravated assault of a police officer with a firearm." Rule 23 order, Ex. A to Ans., at 5-6. The State informed the jury that it should consider Truly's prior convictions to determine whether or not he was believable. *Id.* at 6. The trial court instructed the jury that Truly's previous convictions should only be used to determine his credibility and not "as evidence of his guilt of the offense with which he is charged." *Id.* Truly was found guilty of aggravated battery with a firearm. *Id.* The trial court denied his motion for a new trial. *Id.*

At the sentencing hearing, defense counsel informed the court for the first time that, although Truly had pleaded guilty to "aggravated assault of an officer with a firearm or other dangerous weapon", he did not use a firearm. Rule 23 order, Ex. A to Ans., at 6. Defense

3

counsel clarified that Truly allegedly drove a car at a police officer and had not been in possession of a gun in that case. *Id.* The State agreed with defense counsel, stating that Truly drove a car at a police officer who fired in the direction of Truly three times because he felt his life was in danger. *Id.* at 7. The trial court took all of the evidence on mitigation and aggravation into consideration. *Id.* The court sentenced Truly to 18 years imprisonment and denied his motion to reconsider his sentence. *Id.* at 1.

Truly appealed his conviction and sentence, contending that plain error occurred when: (1) the State presented erroneous evidence that he was previously convicted of aggravated assault of a police officer with a firearm when he had actually used a car to commit the offense; and (2) the trial court considered the use of a firearm in the present offense as an aggravating factor in sentencing. Rule 23 order, Ex. A to Ans., at 8. On August 18, 2003, the Illinois Appellate Court, First District, affirmed Truly's conviction and sentence. *Id.* at 12. The Appellate Court found that the trial court erred in informing the jury that Truly had been convicted of aggravated assault of a police officer with a firearm when the prior conviction was simply for aggravated assault of a police officer. *Id.* at 9. The Appellate Court also found that the error was plain and affected substantial rights under the Fourteenth Amendment. *Id.* However, the Appellate Court held that (i) Truly did not establish that the error was prejudicial and (ii) even if the prior conviction was used improperly by the jury, there was ample evidence to convict Truly without that conviction. *Id.* at 9-10. The Appellate Court further found that the misstatement did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings. *Id*. at 10. Finally, the Appellate Court found that the trial court did not consider the use of a firearm as an aggravating factor in sentencing in the present case. *Id.* at 12. Rehearing was denied September 11, 2003. Order denying rehearing, Ex. D to Ans. Truly filed a *pro se*

4

petition for leave to appeal ("PLA") to the Illinois Supreme Court, which was denied on January 28, 2004. Order denying PLA, Ex. F to Ans.

On July 7, 2004, Truly filed a *pro se* petition for post-conviction relief in the Cook County Circuit Court. *Pro se* post-conviction petition, Ex. G to Ans. Petitioner subsequently filed an amended post-conviction on September 30, 2004, with the assistance of counsel. Amended post conviction petition, Ex. H to Ans. In that amended petition Truly raised several issues: (1) ineffective assistance of trial counsel based on: failure to file a motion to suppress evidence, failure to object to the evidence concerning his prior conviction or comment on the State's closing argument, and filing the motion to reconsider the sentence after filing a notice of appeal; (2) ineffective assistance of appellate counsel for failure to raise the issue of ineffective assistance of trial counsel or to file a petition seeking *certiorari* to the United States Supreme Court; (3) prosecutorial misconduct on the part of the State based on the State's alleged improper closing argument regarding burden of proof; and (4) the Appellate Court improperly engaged in speculation concerning the absence of prejudice from the presentation of erroneous evidence regarding his prior conviction. Rule 23 order, Ex. I to Ans., at 2-3. The Circuit Court found each of the claims to be procedurally barred or frivolous and without merit, and dismissed Truly's post-conviction petition. *Id.* at 3. Truly appealed the dismissal of his post-conviction petition. *Id.* at 1. Truly's claim on appeal centered on the issue of the alleged denial of his right to a fair trial and focused primarily on his assertion that the erroneous evidence presented by the State was prejudicial. *Id.* at 5. The Appellate Court addressed Petitioner's other claims because his main contention implicated those issues. *Id.* The court noted that Truly forfeited his claim of ineffective assistance of trial counsel because he could have raised that claim on direct appeal and did not. *Id.* at 6. Despite that finding, the Appellate Court addressed Petitioner's claim on

the merits because it related to his claim of ineffective assistance of appellate counsel. Based on that discussion and the finding that Petitioner would not have succeeded on his claim of ineffective assistance of trial counsel, the Appellate Court stated that the claim of ineffective assistance of appellate counsel would fail. *Id.* at 10. If the claim was meritless, Petitioner was not prejudiced by appellate counsel's failure to raise the ineffective assistance of trial counsel claim on appeal. *Id.* at 10. The Appellate Court affirmed the denial of post-conviction relief, holding that the Circuit Court properly dismissed Truly's amended post-conviction petition as frivolous and lacking merit. *Id.* at 11. Truly filed a petition for leave to appeal the judgment to the Illinois Supreme Court, which was denied on January 25, 2006. Order denying PLA, Ex. O to Ans.

On April 20, 2006, Truly filed the present petition for habeas relief pursuant to 28 U.S.C. § 2254(d)(1). Petition at 1. Truly raises the following claims: (1) the State knowingly used false evidence to obtain a tainted conviction for aggravated battery with a firearm by informing the jury that Truly had a prior conviction for aggravated assault of a police officer with a firearm, when, in fact, that was false; (2) trial counsel was ineffective because he failed to object to the introduction of the false conviction presented to the jury; (3) the trial judge failed to ensure that Truly received a fair trial because he knew that the evidence regarding the prior conviction was false; (4) the state court decision is unreasonably contrary to United States Supreme Court precedent as established in *Napue v. Illinois*; and (5) appellate counsel was ineffective because he failed to raise a claim of ineffective assistance of trial counsel on direct appeal. Petition at 5-7. Truly filed a motion to strike claims (3) and (5) [21] which the Court granted [48], leaving claims (1), (2), and (4) contested. On February 1, 2008, Truly filed a motion for summary judgment on grounds that no genuine issue of triable facts exists, the State presented material

6

false evidence in Truly's trial, and Truly is entitled to judgment as a matter of law [40]. On June 6, 2008, Truly filed a motion for judgment on the pleadings or evidentiary hearing [45] and a petition for writ of habeas corpus ad testificandum [44].

## II. Discussion

### A. Standard of Review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petition may not be granted unless the decision of the state court "was contrary to, or involved an unreasonable application of clearly established Federal law," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law; [or] if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the United States Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). "Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

A state court's decision constitutes an "unreasonable application" of clearly established federal law if the state court identified the correct legal rule but unreasonably applied the controlling law to the facts of the case. *Williams*, 529 U.S. at 407. It should be noted that "an unreasonable application of federal law is different from an *incorrect* application of federal law." *Id.* at 410 (emphasis in original). Rather, "unreasonable" means that a state court's decision lies

"well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002).

**B.     Procedural Default**

Evaluation of a habeas claim under substantive habeas law is often not reached due to procedural default. There are two ways in which a petitioner may procedurally default a claim and thus preclude a court from reaching the merits of the claims: (1) failure to exhaust; and (2) independent and adequate state grounds.

Before filing a habeas petition in federal court, a petitioner must have "fully and fairly presented his claims to the state appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge." *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005); see also *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This requires the petitioner to assert each of his federal claims through one complete round of state court review, either on direct appeal of his conviction or in post-conviction proceedings. See *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of the state court review has procedurally defaulted that claim." *Id.* at 1026. A habeas petition should be dismissed without reaching the merits if the petitioner failed to exhaust available state remedies as to any of his federal claims contained therein. See *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); see also *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Federal review of a petitioner's habeas claim also is foreclosed when "the last state court to issue an opinion on a petitioner's federal claim has resolved that claim on an adequate and independent state ground." *Miranda v. Leibach*, 394 F.3d 984, 991 (7th Cir. 2005). "Typically

this occurs when the petitioner failed to comply with a state procedural rule and the state court relied on that procedural default to refrain from reaching the merits of the federal claim." *Id.* at 991-92; see also *Coleman*, 501 U.S. at 729-30. To preclude federal review, the state law grounds must be independent of the federal question and adequate to support the judgment. See *Coleman*, 501 U.S. at 729. Adequacy requires that "a state's procedural rule [ ] be proclaimed in advance and regularly followed." *Szabo v. Walls*, 313 F.3d 392, 395-96 (7th Cir. 2002).

It is possible to overcome procedural default if a habeas petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law" or, alternatively, show that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman,* 502 U.S. at 750. Under the cause and prejudice test, "cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." *Lewis*, 390 F.3d at 1019 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Prejudice is established by showing that the violation of the petitioner's federal rights created "not merely * * * a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Lemons v. O'Sullivan*, 54 F.3d 357, 362 (7th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in original). A federal court may grant a procedurally defaulted habeas petition, even in the absence of cause, in extraordinary cases where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. In order to establish that a fundamental miscarriage of justice would result if habeas is denied, the petitioner must show that "no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Lewis*, 390 F.3d at 1026 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995)).

### 1. False Evidence

Petitioner has procedurally defaulted, on independent and adequate state grounds, his claim that the State knowingly used false evidence to obtain his conviction. Petitioner neither objected at trial nor raised this issue in his post-trial motion. Under state law, failure to raise issues at trial or in a post trial motion results in a forfeiture of claims of error based on those issues. See *Miranda*, 394 F.3d at 992 ("Illinois law requires a convicted defendant to include any and all claims of error in a post-trial motion for a new trial.") (citing 725 ILCS 5/116-1 and *People v. Enoch*, 122 Ill. 2d 176, 186-87 (1988). Because Petitioner failed to raise the issue at trial or in a post-trial motion, the Illinois Appellate Court reviewed the challenged action for "plain error". See Ill. S. Ct. R. 615(a); *Miranda*, 394 F.3d at 992. Before a court can correct an error not raised at trial or by post-trial motion, there must be (1) error; (2) that error must be "plain"; (3) the error must "affect substantial rights"; and (4) the error must seriously affect fairness, integrity, or public reputation of judicial proceedings. See *People v. Crespo*, 203 Ill. 2d 335 (2001). The Illinois Appellate Court found there was error, it was plain, and Petitioner's substantial rights were affected. However, the Court did not believe the misstatement was so serious as to affect the fairness or integrity of the proceedings. Although the Court reviewed the claim in a sense, it was merely reviewing for plain error which is not equivalent to review on the merits and it did not cure Petitioner's default. See *Miranda* at 992.

### 2. Contrary to Precedent

Respondent argues Petitioner's fourth claim, that the State Court decision is unreasonably contrary to U.S. Supreme Court precedent, is procedurally defaulted as it raises the same false evidence claim rejected above. Petitioner cites specifically to *Napue v. Illinois*, 360 U.S. 264 (1959). Under *Napue*, a conviction that is obtained by the State's knowing use of false evidence

is challenged under the Fourteenth Amendment. *Id.* at 269. That standard applies even if the false evidence goes only to the credibility of the witness. *Id.* The exact language that Petitioner relies upon now – "It is established that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment" - was cited in his direct appeal. His appellate counsel, however, did not cite to the United States Supreme Court for this standard, but rather to an Illinois Supreme Court case, *People v. Jimerson*, 166 Ill. 2d 211 (1995). Examination of the Appellate Court's decision on direct review reveals that not only did it consider the language relied on, then as well as now, by Petitioner but was aware that it came from a United States Supreme Court case – the decision recites the same language and cites to *Napue*.

Petitioner's argument is not new - it is simply a re-packaged argument that the state used false evidence when it introduced an improperly worded conviction. In a way, it is not even a "claim" at all – Petitioner merely cites a case, establishing the standard for a claim he made on direct appeal, which: (i) was noted by the Illinois Appellate Court and (ii) rejected under "plain error" review. As discussed above, the Illinois Appellate Court's review of Plaintiff's false evidence claim (incorporating the standard from *Napue*) for plain error was not on the merits and therefore did not cure his failure to raise the issue at trial or in a post-trial motion. Petitioner's fourth claim is therefore rejected for the same reasons as his false evidence claim – he procedurally defaulted on independent and adequate state grounds.

C. **Merits**

Petitioner's final claim is that trial counsel was ineffective for failing to object when the state erroneously informed the jury that Petitioner previously had been convicted of aggravated assault of a police officer with a firearm, when he was only convicted of aggregated assault of a

11

police officer. Ordinarily, Petitioner would have defaulted on that claim on independent and adequate state law grounds, because the Appellate Court held in Petitioner's post-conviction appeal that Petitioner forfeited this claim because he failed to raise it on direct appeal. *People v. Blair*, 215 Ill. 2d 427, 443-44 (2005). Forfeiture bars consideration of claims that could have been raised in state court but were not. *Id.* An exception to the forfeiture rule exists "where the alleged forfeiture stems from the incompetence of appellate counsel." *People v. Harris*, 208 Ill. 2d 1, 13 (2002). Petitioner claims that the forfeiture of his ineffective assistance of trial counsel claim was the result of the incompetence of his appellate counsel and Petitioner raised this claim in his post-conviction petition. As the State concedes in its response to Truly's petition, it appears that the forfeiture rule was unfairly or inconsistently applied and the Court cannot rely on the state Appellate Court's holding that petitioner forfeited his claim of ineffective assistance of trial counsel. Therefore, it is necessary to address that claim on the merits.

To prevail on a claim of ineffective assistance of counsel, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Additionally, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* Under the *Strickland* standard, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Petitioner contends that trial counsel was ineffective as a result of failing to object when the state erroneously informed the jury of a false conviction. The decisions of whether or not to object to trial testimony or closing arguments is generally a matter of trial strategy and, as a result, will not be second guessed. *People v. Evans*,

209 Ill. 2d 194, 221 (2004). Therefore, trial counsel's failure to object does not fall below an objective standard of reasonableness as required by the *Strickland* standard.

Furthermore, Petitioner was not prejudiced by trial counsel's failure to object. Several witnesses testified that they saw Petitioner shoot Pinkston. In addition, while Petitioner did not commit aggravated assault of a police officer with a firearm, he committed a similarly dangerous offense. It is therefore unlikely that, but for trial counsel's failure to object, the result of the proceeding would have been different. The Circuit Court correctly identified and applied the *Strickland* standard, holding that Petitioner failed to make the requisite showing of either deficient performance or sufficient prejudice. This claim is therefore without merit and cannot be used to overcome the procedural default of petitioner's other claims.

### D. Additional Motions

#### 1. Summary Judgment

Petitioner has filed a motion for summary judgment on the grounds that no genuine triable issue of material fact exists, the State presented material false evidence in petitioner's trial and petitioner is entitled to judgment as a matter of law. Summary judgment motions are not encouraged in habeas cases due to the fact that habeas petitions do not normally require additional factual development outside of the record from the state court. *Gilyard v. Sternes*, 2004 WL 719261, at *2 (N.D. Ill. Mar. 31, 2004). As a result, motions for summary judgment do not narrow or isolate factual contentions for trial, as they often do in other civil cases. *Id.* All facts necessary to resolve Truly's petition have been presented to the Court. The Court has relied on used those facts in resolving Petitioner's claims. Petitioner's motion for summary judgment adds nothing to his habeas petition and is denied as moot.

### 2. Motion for Judgment on the Pleadings or Evidentiary Hearing

Petitioner has filed a motion for judgment on the pleadings or an evidentiary hearing on the grounds that petitioner was denied a fair trial by impartial jury, effective assistance of counsel, and due process. "On habeas review, except in limited circumstances, the district court does not make independent factual determinations." *Simental v. Matrisciano*, 363 F.3d 607, 612 (7th Cir. 2004). Petitioner has not produced clear and convincing evidence challenging the factual findings of the state appellate court. See *Daniels*, 476 F.3d at 434. Because the Court has ruled above on the claims raised in petitioner's habeas petition, Petitioner's motion for judgment on the pleadings or evidentiary hearing is denied as moot.

### 3. Writ of Habeas Corpus Ad Testificandum

Petitioner has filed a petition for a writ of habeas corpus ad testificandum requesting that the Court immediately release him or bring him before the Court for purposes of his habeas petition. "Under 28 U.S.C.A. § 2241(c)(5), a judge may, at his or her discretion, issue a writ of habeas corpus ad testificandum to secure the appearance of a state or federal prisoner as a witness in a federal court." *United States v. Garrard*, 83 F.3d 889, 893 (7th Cir. 1996). When ruling on a request for the writ, a judge should consider the time, expenses, delay, and resources that would be expended to produce the witness, as well as the relevancy and necessity of the witness. *Id.* In the present case, there is no need to bring petitioner before the Court to testify. He already was afforded the opportunity to testify in Circuit Court and has put forth no evidence to support the proposition that additional testimony is necessary. Therefore, the petition for a writ of habeas corpus ad testificandum is denied.

**III.     Conclusion**

Petitioner has procedurally defaulted on independent and adequate state grounds on both his claim that the State knowingly used false evidence to obtain his conviction as well as his claim that the State court decision is unreasonably contrary to United States Supreme Court precedent as established in *Napue v. Illinois*. In regard to his claim of ineffective assistance of trial counsel, Petitioner failed to prove either deficient performance on the part of his counsel or sufficient prejudice. That claim therefore is without merit and cannot be used to excuse the default of his other claims. For all of these reasons, Petitioner's request for habeas relief [9] is denied.

Petitioner filed three additional motions related to his petition for habeas relief. The Court denies Petitioner's: (i) motion for summary judgment [39], motion for writ of habeas corpus testificandum [44]; and (iii) motion for judgment on the pleadings or evidentiary hearing [45].

Dated:  September 30, 2008         _____
                                    Robert M. Dow, Jr.
                                    United States District Judge