# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel. ) | |
| CLARK TRULY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 06 C 2348 |
| ) | |
| BRADLEY J. ROBERT, Warden ) | |
| Centralia Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Clark Truly, an Illinois state prisoner, seeks a certificate of appealability, which is a prerequisite to any appeal that he may take from this Court's memorandum opinion and order of September 30, 2008 [55] denying his petition for a writ of habeas corpus. Truly also has filed an application to proceed on appeal *in forma pauperis* [53], and a motion for appointment of appellate counsel [54]. For the reasons stated below, the request for a certificate of appealability [55] is granted in part and denied in part, the application to proceed on appeal *in forma pauperis* [53] is granted, and the motion for appointment of appellate counsel [54] is denied without prejudice.

**I.     Background**

On September 30, 2008, this Court issued a memorandum order and opinion [50] denying a petition for writ of habeas corpus filed by Petitioner Clark Truly. As explained in detail in the Court's opinion, following a jury trial, Truly was convicted of aggravated battery with a firearm in connection with the shooting of Charles Pinkston. He is serving a sentence of 18 years in prison for that crime.

### A. State Court Proceedings

At trial, the State introduced into evidence, without objection, copies of certified convictions previously shown to defense counsel including evidence that, on March 23, 2000, Truly was convicted of possession of a stolen motor vehicle and "aggravated assault of a police officer with a firearm." *State v. Truly*, Rule 23 Order (Ill. App. Ct. (Aug. 18, 2003) (Ex. A to Ans., at 5-6)). The State informed the jury that it should consider Truly's prior convictions to determine whether or not he was believable. *Id.* at 6. The trial court instructed the jury that Truly's previous convictions should only be used to determine his credibility and not "as evidence of his guilt of the offense with which he is charged." *Id.* Truly was found guilty of aggravated battery with a firearm, and the trial court denied his motion for a new trial. *Id.*

At the sentencing hearing, defense counsel informed the court for the first time that, although Truly had pleaded guilty to "aggravated assault of an officer with a firearm or other dangerous weapon," he did not use a firearm. Rule 23 Order, at 6. Defense counsel clarified that Truly allegedly drove a car at a police officer, but had not been in possession of a gun in that case. *Id.* The State agreed with defense counsel, stating that Truly drove a car at a police officer who fired in the direction of Truly three times because he felt his life was in danger. *Id.* at 7. The trial court took all of the evidence on mitigation and aggravation into consideration. *Id.* The court sentenced Truly to 18 years imprisonment and denied his motion to reconsider his sentence. *Id.* at 1.

Truly appealed his conviction and sentence. Although he did not raise the issue either at trial or in a post-trial motion, Truly contended on appeal that the Appellate Court should find "plain error" in that (i) the State presented erroneous evidence that he was previously convicted of aggravated assault of a police officer with a firearm when he had actually used a car to

commit the offense; and (ii) the trial court considered the use of a firearm in the present offense as an aggravating factor in sentencing. Rule 23 Order, at 8.

On August 18, 2003, the Appellate Court affirmed Truly's conviction and sentence. Rule 23 Order, at 12. The Appellate Court agreed that the trial court erred in allowing the jury to be informed that Truly had been convicted of aggravated assault of a police officer with a firearm when the prior conviction was simply for aggravated assault of a police officer. *Id.* at 9. The Appellate Court also concluded that the error was "plain" and affected substantial rights under the Fourteenth Amendment. *Id.* However, the Appellate Court held that (i) Truly did not establish that the error was prejudicial and (ii) even if the prior conviction was used improperly by the jury, there was ample evidence to convict Truly without that conviction. *Id.* at 9-10. The Appellate Court further found that the misstatement did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings. *Id*. at 10. Finally, the Appellate Court held that the trial court did not consider the use of a firearm as an aggravating factor in sentencing in the present case. *Id.* at 12.[1]

On July 7, 2004, Truly filed a *pro se* petition for post-conviction relief in the Cook County Circuit Court. Ex. G to Ans. With the assistance of counsel, Truly subsequently filed an amended post-conviction on September 30, 2004. Ex. H to Ans. In his amended petition, Truly raised several issues: (i) ineffective assistance of trial counsel based on: failure to file a motion to suppress evidence, failure to object to the evidence concerning his prior conviction or comment on the State's closing argument, and filing the motion to reconsider the sentence after filing a notice of appeal; (ii) ineffective assistance of appellate counsel for failure to raise the

---

[1] The Appellate Court denied Truly's petition for rehearing on September 11, 2003. Ex. D to Ans. Truly then filed a *pro se* petition for leave to appeal to the Illinois Supreme Court, which was denied on January 28, 2004. Ex. F to Ans.

issue of ineffective assistance of trial counsel or to file a petition seeking *certiorari* to the United States Supreme Court; (iii) prosecutorial misconduct on the part of the State based on the State's alleged improper closing argument regarding burden of proof; and (iv) the Appellate Court improperly engaged in speculation concerning the absence of prejudice from the presentation of erroneous evidence regarding his prior conviction. Ex. I to Ans., at 2-3.

The Circuit Court found each of Truly's post-conviction claims to be procedurally barred or frivolous and without merit, and thus dismissed Truly's post-conviction petition. Ex. J to Ans. Truly appealed the dismissal of his post-conviction petition. Ex. I to Ans. at 1. The Appellate Court affirmed the denial of post-conviction relief, holding that the Circuit Court properly dismissed Truly's amended post-conviction petition as frivolous and lacking merit. *Id.* at 11. Truly filed a petition for leave to appeal the judgment to the Illinois Supreme Court, which was denied on January 25, 2006. Ex. O to Ans.

### B. Federal Habeas Claims

Truly presented three claims for decision in his federal habeas petition. First, Truly contended that the State knowingly used false evidence to obtain a tainted conviction for aggravated battery with a firearm by informing the jury that he had a prior conviction for aggravated assault of a police officer with a firearm, when, in fact, that was false. Second, Truly argued that the state court decision is unreasonably contrary to United States Supreme Court precedent as established in *Napue v. Illinois*. Third, Truly submitted that trial counsel was ineffective because he failed to object to the introduction of the false conviction presented to the jury.

This Court rejected Truly's first claim for habeas relief because the Illinois Appellate Court's holding that Truly procedurally defaulted his claim that the State knowingly used false

4

evidence to obtain Truly's conviction rested on independent and adequate state grounds. The Court rejected Plaintiff's claim that the State court decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent on similar grounds, concluding that the Illinois Appellate Court considered the appropriate precedent – *Napue v. Illinois*, 360 U.S. 264 (1959) – and correctly found that precedent inapplicable because the underlying claim that the State obtained the conviction through the use of false evidence had been procedurally defaulted. The Court reached the merits of Truly's third claim for ineffective assistance of trial counsel based on counsel's failure to object to the false evidence, but rejected that claim as well on the ground that Truly could not show either deficient performance of counsel or prejudice from the failure to object in light of the other evidence in the case and the similarity of the offense that Truly admittedly committed and the offense of which the jury erroneously was informed.

## II. Analysis

### A. Request for a certificate of appealability

Truly seeks a certificate of appealability [55] as to all three claims that this Court rejected in its September 30 decision [50]. Under the applicable statutory standard, this Court may grant a certificate of appealability if the applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that an applicant makes a "substantial showing" where "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008).

The Court is compelled to deny the request for a certificate of appealability as to Truly's first and second claims. Both of those claims essentially challenge the Illinois Appellate Court's ruling that Truly procedurally defaulted his claim that the State knowingly used false evidence to convict Truly of the crime for which he is incarcerated and was not entitled to relief under an application of the "plain error" doctrine. This Court found Truly's claim to be foreclosed under the result and rationale of the Seventh Circuit in a closely analogous case, *Miranda v. Leibach*, 394 F.3d 984, 991 (7th Cir. 2005).

In *Miranda*, the Seventh Circuit explained that "[w]hen the last state court to issue an opinion on a petitioner's federal claim has resolved that claim on an adequate and independent state ground, federal habeas review of the claim is foreclosed." 394 F.3d at 991. The court of appeals further noted that "[t]ypically this occurs when the petitioner failed to comply with a state procedural rule and the state court relied on that procedural default to refrain from reaching the merits of the federal claim." *Id*. The court reiterated that where, as here, an Illinois court reviews a claim only for "plain error," the court "does not reach the merits of a claim" and the petitioner's default is not cured. *Id*. at 997; see also *Lee v. Davis*, 328 F.3d 896, 900 (7th Cir. 2003) (holding that a state court's fundamental error review of a defaulted claim does not undermine the state's adequate and independent procedural ruling). In addition, in another parallel to this case, the Seventh Circuit stated that when the petitioner acknowledged in his state appellate court brief that the court should review the state trial court proceedings only for plain error,[2] the petitioner "is in no position to argue that the waiver rule is not an adequate ground for the Illinois Appellate Court's decision." *Id*.

---

[2] Truly attached to his application excerpts from his appellate brief on direct appeal in state court, in which he acknowledged that "trial counsel did not raise the defendant's objection at trial or in his boiler plate Motion for New Trial" and argued for reversal on "plain error" grounds. Ex. B at 6; see also Ex. D at 8 (Appellate Court order noting that "Defendant concedes that he did not object to [the State's

Consistent with *Miranda*, this Court concluded [see 50, at 10-11] that the Illinois Appellate Court's disposition of Truly's first and second claims rested on an adequate and independent state ground – namely that (i) Truly waived (or, in other words, procedurally defaulted on) the claims when he failed to assert them at trial and in a post-trial motion, as he was required to do by Illinois law, and (ii) the Appellate Court did not reach the forfeited error in its "plain error" review because the error was not prejudicial and did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. See *People v. Herron*, 215 Ill. 2d 167, 178 (2005) (describing the circumstances in which, under the Illinois plain error doctrine, an Illinois reviewing court may reach a forfeited error affecting substantial rights). Because the first and second issues that Truly seeks to raise on appeal "were resolved on independent and adequate state grounds[,] * * * federal law would have no effect on the outcome." *Jackson v. Miller*, 260 F.3d 769, 771 n.1 (7th Cir. 2001). Accordingly, a certificate of appealability as to those claims should not issue. *Id*. (denying motion to expand certificate of appealability).

Truly also seeks to appeal the Court's denial of his claim that trial counsel rendered unconstitutionally ineffective assistance. That claim rests on trial counsel's failure to object to the State's acknowledged misstatement regarding Truly's prior conviction. Both this Court and the Illinois Appellate Court concluded that Truly failed to show either deficient performance by counsel or sufficient prejudice to Truly in view of all of the circumstances. In particular, as this Court noted, (i) several witnesses testified that they saw Truly shoot Mr. Pinkston, (ii) while Truly did not commit aggravated assault of a police officer with a firearm, he committed a similarly dangerous offense – namely, aggravated assault of a police officer using his vehicle, and (iii) the trial court issued a limiting instruction that the prior conviction was to be considered

---

informing the jury that Truly previously was convicted to aggravated assault of a police officer with a firearm] at trial or in his motion for a new trial, but asserts that the issue should not be waived and should be addressed under the plain error doctrine").

7

only as to Truly's credibility. In view of these facts, trial counsel may have decided not to object to avoid calling additional attention to Truly's conduct. Furthermore, given the adverse testimony of multiple witnesses at trial, it is unlikely that the outcome of the trial would have been different in any event.

While the Court continues to adhere to its view that Truly's claim of ineffective assistance of counsel lacks merit, the Seventh Circuit has made clear that "[m]any prisoners who seem likely to lose in the court of appeals nonetheless are entitled to certificates of appealability under the statutory standard; meritorious appeals are a subset of those in which a certificate should issue." *Thomas v. United States*, 328 F.3d 305, 308 (7th Cir. 2003). In view of that guidance from the court of appeals, and mindful of the Illinois Appellate Court's finding that the introduction of the prior conviction evidence was error – though not "plain error" sufficient to overcome Truly's procedural default – the Court concludes that "reasonable jurists" at least "could debate" the outcome of Truly's ineffective assistance of counsel claim. *Slack*, 529 U.S. at 484. Accordingly, a certificate of appealability will issue as to that claim.

**B.      Application to proceed on appeal *in forma pauperis* and motion for appointment of appellate counsel.**

After review of the materials submitted by Truly that evidence his meager financial resources, the Court grants Truly's application to proceed on appeal *in forma pauperis* [53]. The Court denies Truly's motion for appointment of appellate counsel [54] without prejudice and advises Truly that he may file an appropriate motion for appointment of appellate counsel in the court of appeals.

**III. Conclusion**

For the foregoing reasons, Truly's request for a certificate of appealability [55] is granted in part and denied in part. A certificate of appealability is granted on the following issue: whether Petitioner's trial counsel provided unconstitutionally ineffective assistance by failing to object either at trial or in post-trial briefs to the State's introduction at trial and presentation to the jury of erroneous evidence that Petitioner previously had been convicted of aggravated assault of a police officer with a firearm when Petitioner actually had pleaded guilty to the offense of aggravated assault of an officer with a firearm *or other dangerous weapon*, and had used a vehicle, not a gun, in committing that offense. Truly's application to proceed on appeal *in forma pauperis* [53] is granted, and his motion for appointment of counsel [54] is denied without prejudice to being renewed in the court of appeals.

Dated: January 9, 2009

_____
Robert M. Dow, Jr.
United States District Judge